**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                                )
MICHELLE ROGERS,                )
                                )
              Plaintiff,         )
                                )
     v.                         )      Civil Action No. 00-2452 (EGS)
                                )
GORDON R. ENGLAND,              )
Secretary of the Navy,          )
                                )
              Defendant.         )
_____)
```

**MEMORANDUM OPINION**

Pending before the Court are Plaintiff's Motion for

Compliance with 42 U.S.C. 290dd-2 and to Exclude FRE 412

Preclusion Evidence [Dkt. No. 150/152], Defendant's Motion for

Sanctions [Dkt. No. 151], and Plaintiff's Motion to Strike

Defendant's Motion for Sanctions [Dkt. No. 159].  Upon review of

these motions, the responses and replies thereto, applicable law,

and the entire record, the Court **DENIES** all motions.

**I.   BACKGROUND**

On June 17, 2005, the parties appeared before the Court for

a status hearing.  At the hearing, Claire Whitaker, counsel for

the defendant, indicated that plaintiff Michelle Rogers agreed to

sign a HIPAA[1]-compliant medical release so that the Navy could

"pursue some of the records that [had] come up that [the Navy had

not] been able to get."  Status Conference Tr. 24:2-3, June 17,

_____

    [1] "HIPAA" is short for the Health Insurance Portability and
Accountability Act.

2005.  Although the discussions at the hearing focused on obtaining records from Howard University, defense counsel indicated that she would like plaintiff to sign a more general release, not specific to Howard.

On June 23, 2005, Whitaker emailed Hope Brown, counsel for the plaintiff, to thank her for the "medical/psychotherapy releases."  Email from Claire Whitaker to Hope Brown (June 23, 2005), Ex. K to Def.'s Mem. in Resp. to Pl.'s Mot. for Compliance with 42 U.S.C. 290dd-2.  In that email, Whitaker informed Brown that she believed the Civilian Employee Assistance Program ("CEAP") "records from the Washington Navy Yard in 1998 are relevant and [that she] would like to obtain them."  *Id*. Whitaker then asked Brown whether she had "any objection to defendant seeking these records via subpoenas and plaintiff's releases" and, if so, to "please let [Whitaker] know."  *Id*. After about one month with no response to the email, Whitaker sought the CEAP records on July 21, 2005 and obtained the records on July 26, 2005.  On that date, Whitaker emailed a copy of the records received to Brown.  *See* Email from Claire Whitaker to Hope Brown (July 26, 2005), Ex. K to Def.'s Mem. in Resp. to Pl.'s Mot. for Compliance with 42 U.S.C. 290dd-2.

On August 1, 2005, defendant filed a renewed motion for summary judgment based on the newly discovered CEAP records.  The Court denied that motion on February 23, 2006.  In its February

23, 2006 Order, the Court also stated that in the event the defendant "is able to lay the appropriate foundation" for the CEAP records, the records themselves and the testimony of their author may be admissible at trial.  Feb. 23, 2006 Order.  The Court also stated that defendant "shall be accorded an opportunity to depose plaintiff and/or Claire McCarthy," the author of the records.  *Id.*

On April 20, 2006, defendant attempted to take the depositions of both plaintiff and McCarthy pursuant to the Court's order.  At the start of McCarthy's deposition, McCarthy asked whether plaintiff had signed a general or specific release allowing McCarthy to testify or if the Court had issued a specific order allowing her to release information about plaintiff.  McCarthy Dep. at 7-8 (Apr. 20, 2006), Ex. M to Def.'s Mem. in Resp. to Pl.'s Mot. for Compliance with 42 U.S.C. 290dd-2.  The parties then telephoned the Court to try to determine whether the deposition could go forward.  The Court informed plaintiff's counsel that if plaintiff wanted to assert a privilege, she had a right to do so, but invoking the privilege would impact plaintiff's ability to present evidence on her emotional distress claim at trial.  *Id.* at 12-16.

On May 1, 2006, the parties met again to continue the deposition of McCarthy.  Brown provided a release signed by plaintiff, which appeared to give consent for McCarthy to be

deposed.   However, the release indicated that it was signed
"under specter of sanctions."   *See* Consent to Disclosure of CEAP
Information During Deposition of Claire McCarthy, Ex. 1-A to
McCarthy Dep. (May 1, 2006).   The release further stated that it
did "not preclude and/or extinguish any legal rights or remedies
that [plaintiff] may have to prosecute before any local, state or
federal authority any and all person(s) for the illegal release,
disclosure and/or use of [plaintiff's] CEAP records prior to the
execution of this written consent."   *Id*.   McCarthy expressed
concern about the possibility of being sued for any "misstep," so
the parties called the Court to resolve the issue.   McCarthy Dep.
at 30 (May 1, 2006).   The Court then cancelled the deposition and
ordered the parties to submit briefs regarding whether plaintiff
could be ordered to give her consent and what options would be
available to the Court if plaintiff chose not to consent to a
further release of information regarding her CEAP records.   In
response to the Court's directive, the parties submitted the
pending motions for sanctions.

## II.   DISCUSSION

### A.   CEAP Records

Plaintiff argues that defendant improperly obtained her CEAP
records in violation of 42 U.S.C. § 290dd-2 and should therefore
be sanctioned.   Defendant counters that plaintiff's CEAP records

are not covered by the statute because the records do not relate
to substance abuse.

The text of the statute, legislative history, and
implementing regulations support defendant's position.  First,
the statute only covers records related to the "identity,
diagnosis, prognosis or treatment of any patient which are
maintained in connection with the performance of any program or
activity relating to *substance abuse* education, prevention,
training, treatment, rehabilitation, or research."  § 290dd-2(a)
(emphasis added).  Second, the legislative history indicates that
the statute "establishes the confidentiality of medical records
regarding *substance abuse*."  S. Rep. No. 102-131 (1992) (emphasis
added).  Finally, the implementing regulations state that their
purpose is to "impose restrictions upon the disclosure and use of
*alcohol and drug abuse* patient[2] records which are maintained in
connection with the performance of any federally assisted *alcohol
and drug abuse* program."  42 C.F.R. § 2.3(a) (emphasis added).
The restrictions on disclosure only apply to information,
"whether or not recorded," which "[w]ould identify a patient as
an *alcohol or drug abuser*" and is "drug abuse information" or
"alcohol abuse information" obtained by a federally assisted

---

[2] A "patient" is defined as "any individual who has applied
for or been given diagnosis or treatment for *alcohol or drug
abuse* at a federally assisted program."  42 C.F.R. § 2.11
(emphasis added).

alcohol or drug abuse program.   42 C.F.R. § 2.12(a)(i)-(ii) (emphasis added).

Although the statute and regulations would cover information obtained about alcohol and drug abuse patients by an employee assistance program ("EAP") such as the one run by the Navy, *see* 42 C.F.R. § 2.12(e), neither the statute nor the regulations indicate that all EAP records are covered.  To the contrary, the statute and regulations make clear that only alcohol and drug abuse records are covered.[3]

Having reviewed plaintiff's CEAP records, which were provided to the Court under seal, the Court finds that these records are not the type of records for which Congress or the Department of Health and Human Services contemplated coverage because the records do not contain information which would identify the patient as an alcohol or drug abuser.[4]  Nothing in the statute, regulations, or legislative history indicates that

---

[3] Moreover, evidence submitted by the plaintiff suggests that the Privacy Act, 5 U.S.C. § 552a, covers all EAP records and the additional protections of 42 C.F.R., Chapter I, Subchapter A, Part 2, entitled "Confidentiality of Alcohol and Drug Abuse Patient Records," only apply to clients with alcohol and drug problems.  Employee Health Services Handbook, Ex. 2 to Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. to Strike Def.'s Mot. for Sanctions.

[4] ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████

all records related to mental health or all information provided
to EAP counselors are covered by the statute and regulations as
plaintiff suggests.  Moreover, even if all or some portion of
plaintiff's records were covered by 42 U.S.C. § 290dd-2,
discovery or trial sanctions would not be appropriate because the
statute provides for criminal penalties for violations of the
statute should the United States Government choose to pursue a
prosecution.  *See* 42 U.S.C. § 290dd-2(f).[5]  Because the records
are not covered by 42 U.S.C. § 290dd-2 or its implementing
regulations and because the statute provides a remedy for any
records that are so covered, the Court will not exclude
plaintiff's CEAP records from consideration at trial solely based
on any alleged violations of the statute or regulations.[6]  If
plaintiff objects to the introduction of the records for some
other reason, such reason may be raised in a separate,
appropriate motion in limine.

Defendant also seeks sanctions based on the CEAP records.
Specifically, defendant asks the Court to either enter a default

---

[5] Although 42 U.S.C. § 290dd-2 provides for criminal
penalties, there is no private right of action to enforce the
statute.  *See, e.g., Ellison v. Cocke County*, 63 F.3d 467, 471
(6th Cir. 1995).

[6] Plaintiff's CEAP records are covered by the Privacy Act.
However, the Privacy Act is not a bar to a party obtaining
discovery materials "through the normal discovery process and
according to usual discovery standards."  *Laxalt v. McClatchy*,
809 F.2d 885, 889 (D.C. Cir. 1987).

judgment or to strike plaintiff's allegations and trial testimony

regarding her physical and mental distress and instruct the jury

to draw a negative inference from plaintiff's refusal to consent

to disclosure of her CEAP records.  Defendants currently have the

CEAP records and the Court finds that these records are relevant

to plaintiff's claims.  Because the CEAP records still may be

admissible at trial, the Court declines to impose any sanctions

regarding the absence of the records at this time.

**B.   McCarthy Deposition**

On February 23, 2006, the Court instructed the parties that

defendant "shall be accorded an opportunity to depose plaintiff

and/or Claire McCarthy at a date and time convenient for

everyone."  Feb. 23, 2006 Order.  After two failed attempts at

taking McCarthy's deposition, the parties filed their motions for

sanctions.  Because the Court finds that the CEAP records are

relevant and that defendant should have the opportunity to depose

the author of the records prior to trial, the Court orders that

discovery be reopened for the limited purpose of obtaining the

deposition of Claire McCarthy.

Plaintiff has not claimed any privilege with respect to her

communications with McCarthy.  *See* Pl.'s Reply to Def.'s Opp'n to

Pl.'s Mot. to Strike Def.'s Mot. for Sanctions at 1 ("This

dispute does not concern privilege.").[7]  Instead, plaintiff

claims that she cannot sanction the alleged illegal release of

her CEAP records.  Having already addressed the CEAP records, the

Court now focuses on McCarthy's deposition in order to facilitate

the progression of this case to trial.

In accordance with Rule 26 of the Federal Rules of Civil

Procedure, McCarthy may testify at her deposition to "any matter,

not privileged, that is relevant to the claim or defense of any

party."  Fed. R. Civ. P. 26.  In accordance with Rule 30(c), any

party may make appropriate objections during the deposition, but

"the examination shall proceed, with testimony being taken

subject to objections."  Fed. R. Civ. P. 30(c).  In order to

protect any records that might fall within 42 U.S.C. § 290dd-2,

McCarthy shall not testify about any communications with

plaintiff about alcohol or drug abuse.  If defendant desires any

such information, defendant shall submit an application pursuant

to 42 C.F.R. § 2.64.

---

[7] Even if plaintiff were asserting a psychotherapist-patient
privilege, the Court finds that plaintiff waived any such
privilege with respect to her communications with McCarthy
because plaintiff has put her mental health at issue in this
case.  *See Kalinoski v. Evans*, 377 F. Supp. 2d 136, 137-38
(D.D.C. 2005) (finding that plaintiff waived any privilege
"through her allegations that defendant's actions caused her
severe emotional distress and led her to seek the services of a
mental health professional").

**III. CONCLUSION**

For the foregoing reasons, all motions for sanctions are

**denied.**  An appropriate order accompanies this Memorandum

Opinion.


**Signed:    Emmet G. Sullivan**
            **United States District Judge**
            **March 15, 2007**